**Derrick BROWN, Plaintiff,**

v.

**Dana SMITH, First Deputy Superintendent, and Donald Selsky, Director of Special Housing (individual capacity suit), Defendants.**

No. 96–CV–6495L.

United States District Court,
W.D. New York.

Feb. 4, 1998.

Derrick Brown, Dannemora, NY, Pro se.

**DECISION AND ORDER**

LARIMER, Chief Judge.

### INTRODUCTION

Plaintiff Derrick Brown, an inmate of a correctional facility, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket # 1). Plaintiff also filed a motion for a preliminary injunction. (Docket # 4). Plaintiff's request to proceed as a poor person was granted on July 18, 1997. (Docket # 6).

Plaintiff claims that defendants, Dana Smith, First Deputy Superintendent at Elmira Correctional Facility ("Elmira"), and Donald Selsky, Department of Correctional Services ("DOCS") Director of Special Housing, violated his Fourteenth Amendment due process rights by eliminating thirteen months of his good-time credits without affording him a "hearing" which he claims is required under New York law. For the reasons discussed below, the complaint is dismissed pursuant to 28 U.S.C. § 1915, and plaintiffs' motion for a preliminary injunction is denied as moot.

Plaintiff previously filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, in the United States District Court, Southern District of New York, *(Brown v. New York State Commissioner of Department of Corrections,* 96–CV–5395), raising substantially the same claims as those presented in this case. In July 1996, District Judge Thomas P. Griesa entered an order dismissing plaintiff's habeas corpus petition. The Second Circuit dismissed Brown's appeal on December 27, 1996, denying a certificate of appealability.

### FACTS

The order of dismissal issued by Judge Griesa in the habeas corpus case has been attached as an exhibit to plaintiff's complaint in the action here in the Western District of New York. From the complaint and its attachments, including Judge Griesa's order of dismissal, the facts relating to plaintiff's claim are as follows:

On December 13, 1994, plaintiff appeared before the Time Allowance Committee for a hearing pursuant to 7 NYCRR § 261.3(b). At that time, plaintiff's conditional release date was set as April 30, 1995. At the hearing, the Time Allowance Committee recommended a loss of eleven months of good time based on several superintendent hearings, thereby extending plaintiff's conditional re-

lease date to March 31, 1996. Additionally, as the result of superintendent's hearings held on August 21, 1995 and September 8, 1995, plaintiff was found guilty of a Tier III disciplinary violation and was sentenced to a ten-month loss of good-time credits. On the basis of the superintendent's hearings, the Time Allowance Committee ratified the ten-month loss of good time, thereby extending plaintiff's release date to January 31, 1997. For reasons not set forth in the complaint, that release date was later extended to April 30, 1997.[1]

Plaintiff alleges in his complaint that the defendants caused a total of thirteen months of his good-time credits to be forfeited and extended his conditional release date to April 30, 1997, without affording him a hearing and other procedural safeguards which he claims are required. Plaintiff requested a hearing before the Time Allowance Committee, and he wrote several letters to defendant Smith, the First Deputy Superintendent at Elmira, complaining about the decision to take away his good-time credits and requesting a hearing. Defendant Smith advised plaintiff that he was not entitled to such a hearing. Smith further informed plaintiff that the Time Allowance Committee's decision to remove a prisoner's good time credit is referred to the Commissioner's Office, and that upon the Commissioner's affirmance of the recommendation, the conditional release date is then extended.

### DISCUSSION

28 U.S.C. § 1915 mandates that when the court grants a plaintiff *in forma pauperis* status, as it has done here, it also must conduct an initial screening of the action to ensure that it has a legal basis. A review of plaintiff's complaint demonstrates that it must be dismissed pursuant to 28 U.S.C. § 1915(e). *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Plaintiff seeks injunctive relief and money damages in this civil rights action brought pursuant to 42 U.S.C. § 1983. Be-cause of the nature of the claim, and the prior proceedings commenced by plaintiff relating to his claim, this complaint must be dismissed. First of all, it is clear, and the Supreme Court has held, that a prisoner may not challenge a loss of good-time credits in a § 1983 action. The proper vehicle to challenge loss of good-time credits is in a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Additionally, *Preiser* requires, as a general rule, that in such cases, available state remedies be exhausted before the federal habeas action is commenced. *Preiser*, 411 U.S. at 500; *see also Ellman v. Davis*, 42 F.3d 144, 148–49 (2d Cir.1994) (holding that a prisoner's failure to pursue an appeal in state court is a procedural bar to federal habeas relief unless the petitioner shows "both cause for failing to bring the [state] claim ... and actual prejudice from the failure to consider his federal claims.").

In *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), the Supreme Court considered a § 1983 action in which a prisoner sought money damages for unconstitutional acts that led to his arrest and conviction. There, the Supreme Court held:

> [W]hen a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 487. *Heck* thus requires, as an element of the § 1983 claim, that the plaintiff demonstrate that his sentence or conviction has been reversed, expunged, or otherwise invalidated by another tribunal, or, that it has been "called into question" by the issuance of a writ of habeas corpus in federal court. *Id.* at 484–87.

Recently, in *Edwards v. Balisok*, 520 U.S. 641, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997),

---

**1.** According to a recent letter from plaintiff, his current conditional release date is now February 27, 1998.

the Supreme Court applied the reasoning set forth in *Heck* to a § 1983 case in which the underlying proceeding was a prison administrative hearing that resulted in the plaintiff's loss of good-time credits. *Edwards,* 520 U.S. at ——, 117 S.Ct. at 1584. *Edwards* held that an allegation of procedural defects in a prison disciplinary hearing does "imply the invalidity of the punishment," and as such, a § 1983 lawsuit cannot proceed without a finding from another forum that the underlying proceeding and punishment were invalid. *Id.* at 1588; *see also Clarke v. Stalder,* 121 F.3d 222, 226 (5th Cir.1997); *Burnell v. Coughlin,* 975 F.Supp. 473, 477 (W.D.N.Y. 1997) (holding that the proper procedures for challenging the results of a prison disciplinary hearing are "appeal, administrative review, collateral attack, or habeas corpus.").

Plaintiff's action for money damages and injunctive relief must be dismissed, because he has not met the requirements that apply in cases where a prisoner plaintiff is seeking to recover relief for lost good-time credits following a prison disciplinary hearing. Specifically, the relief sought by plaintiff is not available through a § 1983 suit until plaintiff has first obtained a finding in another forum that the removal of good time was invalid. *Edwards,* 520 U.S. at ——, 117 S.Ct. at 1588. In fact, plaintiff filed a petition for writ of habeas corpus in the Southern District of New York, in which he challenged, on the same grounds as those raised in this § 1983 action, the Time Allowance Committee's removal of good-time credits, and the petition was dismissed on the merits by Judge Thomas P. Griesa. Judge Griesa held that plaintiff had not been deprived of procedural due process by the Time Allowance Committee because, pursuant to 7 NYCRR § 261.4(a),[2] plaintiff was not entitled to a subsequent hearing before the Committee. Judge Griesa further noted, without addressing exhaustion requirements, or statute of limitations issues, that an Article 78 proceeding in the New York Supreme Court, under N.Y. CPLR §§ 7801–06, might have offered plaintiff an opportunity to challenge the Time Allowance Committee's decision in state court.

■ Thus, plaintiff has failed to exhaust his state administrative remedies and his attempt to challenge the loss of good-time credits in a federal habeas corpus proceeding has also been denied by the district court in the Southern District of New York. Therefore, this § 1983 action against the defendants is barred pursuant to the holding in *Edwards* and the complaint must be dismissed.

There are alternative grounds for dismissal. The claim against defendant Donald Selsky, the DOCS' Director of Special Housing, must be dismissed. Plaintiff states no specific allegations that demonstrate Selsky's personal involvement in the alleged constitutional violation. Failure to allege personal involvement in the action is fatal a § 1983 claim.

## CONCLUSION

For the reasons discussed above, the complaint is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e), and plaintiff's motion for a preliminary injunction is denied as moot. Plaintiff is forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e). *See* 28 U.S.C. § 1915(g).

I hereby certify that any appeal from this Order would not be taken in good faith pursuant to 28 U.S.C. § 1915(a), and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States,* 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Further requests to proceed on appeal as a poor person should be

---

2. According to 7 NYCRR § 261.4(a):

   Where the committee has determined that there may be sufficient reason present after a review of the file not to recommend the granting of the total allowance authorized, *other than time lost as the result of a superintendent's hearing,* the committee shall schedule a time allowance committee hearing to be held for the purpose of determining if sufficient reason is present not to recommend the granting of the total allowance authorized and to determine the amount of time to be recommended for allowance and the reasons for the recommendation.

   7 NYCRR § 261.4(a) (emphasis added).

directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

The Clerk of the Court is directed to docket this dismissal as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**